UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALBERT R. GARCIA, | ) | |
| | ) | **CV-N-04-0525-ECR(VPC)** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AL PERALTA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Garcia has sent a letter to the court asking for reconsideration of the entry of judgment against him. Docket #11. Though Garcia requests relief under Fed. R. Civ. P. 59(e), he submitted his letter well beyond the 10 day time limit for filing a Rule 59(e) motion. Thus, the court will treat the letter as motion for relief from judgment under Fed. R. Civ. P. 60(b). *See Rodriguez v. Southern Pac. Trans. Co.*, 587 F.2d 980, 981 (9th Cir. 1978).

This court entered judgment against Garcia, a prisoner proceeding *in forma pauperis*, based on a finding that his civil complaint failed to state a claim for which relief may be granted. Docket #9. Prior to doing so, the court had notified Garcia as to the

1 defects in his claims and granted him leave to file an amended
2 complaint.  Docket #5.  When Garcia claimed that he was unable to file
3 an amended complaint within the time initially allotted, the court
4 granted him a sixty day extension.  Docket #8.  The court dismissed
5 this case and entered judgment when Garcia failed, within the
6 additional time allotted, to either filed an amended complaint or
7 request additional time in which to do so.  Docket #9/#10.  In all,
8 Garcia was allowed more than three months in which to file an amended
9 complaint.

10        Garcia's request for relief from judgment is based primarily
11 on a claim that he was undergoing serious medical problems during the
12 time his case was pending.  While Garcia's situation evokes sympathy,
13 he has not presented a convincing case for setting aside the court's
14 judgment.  First, he has not articulated how he would amend his
15 complaint to state a claim that would survive Rule 12(b)(6) screening.
16 Instead, he states he "needs to research his issues in order to
17 properly and adequately amend his complaint."  Docket #11, p. 2.  The
18 court is not inclined to reopen this case in the absence of any
19 showing that Garcia will be able to present a complaint containing a
20 viable claim for relief.  *See Murray v. District of Columbia*, 52 F.3d
21 353, 355 (D.C. Cir. 1995) (Rule 60(b) movant must provide court with
22 reason to believe that vacating the judgment will not be an empty
23 exercise or a futile gesture); *see also*, *Madsen v. Bumb*, 419 F.2d 4,
24 6 (9th Cir. 1969); 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE
25 § 2857 (1995 & Supp.2005).

26

Second, Garcia has not explained why he did not move for an additional extension of time prior to entry of judgment. It appears that Garcia was able to file a motion for extension of time at a time when his medical problems were (based on his letter) at their most severe. See Docket #7. Thus, even if his health prevented him from drafting an amended complaint, he has not demonstrated good cause for not requesting another extension of time prior to the court's second deadline.

For the foregoing reasons, the court concludes that Garcia is not shown that excusable neglect or any other reason justifies relief from judgment in this case.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (#11) is **DENIED**.

Dated this 15th day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE